

RECEIVED
FEB 08 2018
CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE STATE OF ALASKA

| | |
|---|---|
| KURT KANAM,<br>plaintiff<br><br>Vs,<br><br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR, UNITED<br>STATES, INTERIOR BOARD OF<br>LAND APPEALS, CAREY MILLS,<br>defendants | No. 4:18-cv-00003-SLG<br><br>PLAINTIFFS' ORIGINAL<br>COMPLAINT FOR APA<br>REVIEW (5 USC 701-6)<br>AND DECLARATORY<br>RELIEF (28 USC 2201) |

## I. INTRODUCTION

1.1 This is a case for judicial review of a final decision of the IBLA of January 23, 2017, as well as the IBLA's interlocutory Order of June 2016, and for declaratory and injunctive relief.

1.2 Plaintiff Kanam alleges that the action of the IBLA was arbitrary, capricious and beyond the statutory authority of the agency, as wee as barred by estoppel in part due to the dismissal of Mills claims in Cause No 10-cv-00333. This case presents an Article III case or controversy, and plaintiff is entitled to review under the APA and the relief sought herein.

| 1 | PLAINTIFF<br>KANAM'S<br>COMPLAINT | Kurt Kanam<br>2013 Harrison Ave NW # 143<br>Olympia, Washington, 98502 |
|---|---|---|

## II. JURISDICTION

2.1 The jurisdiction of this Court is conferred by and invoked pursuant to 5 USC 701-706 and federal question jurisdiction under 28 U.S.C. 1331.

## III. PARTIES

3.1 Plaintiff Kanam is a citizen and the owner of a mining claim in this judicial district.

3.2 Defendant Department of the Interior is a federal agency subjet to the Administrative procedures Act.

3.3 Defendant Mils is a convicted felon, (See United States v. Mills, 817 F. Supp. 1546, U.S. v. MILLS, 221 F.3d 1201 (11th Cir. 2000) who has maintained multiple actions for improper purposes. Plaintiff Mills resides in San Antonio Texas, nearly 4,000 miles distant from the subject matter of this dispute, and yet continues to harass plaintiff in an attempt to interfere with his mining rights. Mills has filed false and fraudulent affidavits with the State of Alaska falsely certifying work performed on his claim which has not, in fact, been performed.

3.4 Department of the Interior is a federal agency.

3.5 The Interior Board of Land Appeals is the body making final administrative determinations for the Department.

3.6 The United States is an interested party.

## IV ALLEGATIONS

4.1 Plaintiff Kanam is the owner of a mining claim in the vicinity of Eagle, Alaska. As the holder of a valid claim, Kanam has rights under the federal Mining Law of 1872, 30 U.S.C. Section 26,

4.2 For many years now, defendant Mills has employed the Courts and administrative forums to attempt to interfere with plaintiff's mining operation and has attempted to use multiple and litigious actions to attempt to extort some form of rights over the claim.

4.3 Mills had a suit pending in this Court (See case No. 10-cv-00033-RRB) as well as a private mining contest in the Department of the Interior's Office of Hearings and Appeals (Case No. AAFF 096515) Both of these actions are directed at the goal of improperly interfering with the plaintiff's lawful possession of his mining claim.

4.4 Recently, despite the circumstance that he is a convicted felon with a history of trespass and illegal excavation in federal wetlands and on plaintiff's claim, Mills has obtained an order from the other defendants requiring Kanam to disclose to Mills where the gold is at on his claim.

4.5 Defendant Department of the Interior, and the United States have acted arbitrarily and capriciously to deny Kanam Due Process of and Equal Protection under the law by allowing Mills to maintain a private mining contest for the purpose of interfering with and breaching the confidentiality of valuable commercial information concerning the plaintiff's mining claim.

4.6 It was arbitrary, capricious and beyond the authority of the agency for the IBLA to allow Mills to maintain a private mining contest see United States v. Kenneth McClarty, 17 IBLA 20, 81 ID. 472 (1974), and to require Kanam to disclose to him where gold may be found on his claim when he has no actual legally recognized interest in the area bounded by the claim. It was also arbitrary and capricious for the IBLA to find that defendant had denied Mills access and/or the right to move heavy equipment over his claim on road improvements Mills

intended to make when these representations were not correct or in excess of the authority Kanam has under the law.

4.7 If such an action could be maintained, then any third party seeking to harass a legitimate mining operation could maintain a private contest and require the miner to disclose where valuable minerals could be found on their claim,. irregardless of the fact that they had no legitimate property interest in the claim as is required by 43 USC 450.1 or Article III.

4.8 In United States Steel Corporation, A-27271, September 10, 1956 (63 I.D. 318), the Secretary indicated that an interloper like Mills who merely seeks to obtain an interest is not qualified as a mining contestant.

4.9 Plaintiff Kanam has a due process right to have Mills' claims adjudicated in one forum, the federal District Court. These claims have been adjudicated, and further proceedings violate Kanam's constitutional rights and the Department and IBLA's Order sanctioning interference with his mining rights constitutes an unlawful taking under the 5th Amendment.

4.10 The hearing officer in the underlying Board action, Harvey Sweitzer has, by subjecting Kanam to an onerous administrative procedure in addition to the existing federal court suit and in requiring the disclosure of valuable commercial information as to where gold may be found on his claim, violated clearly established rights to due process, equal protection, reasonable searches, and the exclusive possessory interest required under the Mining Act. The IBLA has implicitly approved and sanctioned these actions.

4.11 Defendant Department and the IBLA have violated 42 USC 1983 and 1985 by violating plaintiff's constitutional rights to be free from unreasonable search and seizures, unconatitutional takings, and to due process and equal protection, in concert with the other named defendant.

4 | PLAINTIFF KANAM'S COMPLAINT

Kurt Kanam
2013 Harrison Ave NW # 143
Olympia, Washington, 98502

4.12 Mills' attempt to berate Kanam with a multiplicity of actions to attempt to assert a possessory interest in his claim is improper and, even if the IBLA action is not declared void ab initio, an injunction should issue staying further administrative procedure until the judicial review is complete or until the State of Alaska conducts a survey to determine where the RS 2447 right of way might possibly be.

4.13 "(T)he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." Summers v. Earth Island Inst., 555 U.S. 488, 497 (2009). This Court should require Mills to demonstrate how he has standing to maintain an action to invalidate plaintiff's claim in light of the recent Order of March 9th, 2017 in Cause No. 10-cv-00033 before allowing Mills to further berate Kanam with another in his series of never ending, officious, litigious assaults.

4.14 Obviously, by his own account, plaintiff Mills has generalized grievances against many individuals and entities, including the federal government that prosecuted him "wrongfully" for his commission of multiple felonies, the federal Magistrate in Florida who committed "numerous errors" in the criminal prosecution where Mills was found guilty of multiple felonies and incarcerated him in a federal correctional facility, as well as the jury members that convicted him, who were themselves guilty of "misconduct" in convicting him and, most likely, any spectators or passerby who happen to be in his vicinity when he is being victimized and "harmed" by society in general. (See record in case No. 10-cv-00033, Plaintiff's Memorandum in Support of Motion for a More Definite Statement at page 3, detailing at length the various generalized grievances that Mills has, in his inimitable paranoid and sociopathic manner, expounded against

| 5 | PLAINTIFF KANAM'S COMPLAINT | Kurt Kanam 2013 Harrison Ave NW # 143 Olympia, Washington, 98502 |

numerous innocent third parties other than the defendants in this present and meritless dispute)

4.15 However compelling these complaints may be, Mills, as a rival mining claimant with top-filed claims lacks standing to maintain a private mining contest, and the Department lacks statutory authority or jurisdiction to adjudicate a claim between rival mining claimants. It acted arbitrarily and capriciously when it did so.

4.16 Plaintiff Kanam has been subjected to unreasonable search of his records and trade secrets and has had this information seized by administrative fiat by an agency that has disclosed the information to their codefendant Mills.

4.17 Plaintiff has been damaged and subjected to irreparable harm and will be subject to further harm if the injunction he seeks is not issued.

4.18 The Department is considering ordering Kanam to allow unreasonable searched and seizures of his valuable minerals by a private party in violation of the 4th and 5th Amendments and due process of law as protected by the 14th Amendment and the Supremacy Clause.

4.19 By falsely certifying that he has performed work on his claims when he has not, Mills committed serious crimes invalidating his own claims, and therefore lacks clean hands or standing as a necessary prerequisite to maintaining a mining contest, even if his RS 2447 claim provided a basis for jurisdiction, which it does not.

4.20 By allowing Mills to maintain what is essentially a rival mining claim, under false color of a validity challenge, the IBLA and Department have acted in excess of jurisdiction.

## V. CAUSES OF ACTION

5.1 42 USC 1983-5

6 | PLAINTIFF KANAM'S COMPLAINT

Kurt Kanam
2013 Harrison Ave NW # 143
Olympia, Washington, 98502

5.1 By performing the acts described herein, the federal defendants violated Rights protected under 42 USC 1983 and 1985, for which they are liable for the relief sought.

## 5.2 INJUNCTION

5.2 By performing the acts described herein, defendants have created a situation where plaintiff's claim has been depreciated, and is in imminent danger of being looted as a result of the disclosure of their valuable and confidential data to a convicted felon with a history of illegal excavation and trespass, and where they are in imminent danger of being subjected to unreasonable searches and seizures, for which they are liable for the injunctive relief sought.

## 5.3 CONSTITUTIONAL CLAIM (4th Amendment)

5.3 By performing the acts described herein, defendants denied due process and equal protection of law, and subjected him to an unreasonable search, and unconstitutional taking, violating the 4th Amendment and damaging plaintiff, for which they are liable for the relief sought.

## 5.4 CONSTITUTIONAL CLAIM (5th Amendment)

5.4 By performing the acts described herein, defendants denied due process and equal protection of law, and subjected him to an unreasonable search, and unconstitutional taking, violating the 4th 5th and 14th Amendments and damaging plaintiff, for which they are liable for the relief sought.

## 5.5 CONSTITUTIONAL CLAIMS (14th Amendment)

5.5 By performing the acts described herein, defendants denied due process and equal protection of law, and subjected him to an unreasonable search, and

unconstitutional taking, violating the 14th Amendment and damaging plaintiff, for which they are liable for the relief sought.

### 5.6 DECLARATORY JUDGMENT (28 USC 2201)

5.6 By performing the acts described herein, defendants created a cause of action for a declaratory judgement under 28 USC 2201, for which they are liable for the relief sought.

### 5.7 APA REVIEW OF IBLA DECISION (5 USC 701-706)

5.7 By performing the acts described herein, and by issuing the interlocutory Orders of the Department and IBLA and the final decision of January 23, 2017, defendants violated express duties and acted in an arbitrary and capricious manner, exceeded their statutory authority, and violated constitutional rights and privileges, creating a cause of action for judicial review under 5 USC 701-706, for which they are liable for the relief sought.

### 5.8 ALL WRITS ACT CLAIM (28 U.S.C. § 1651)

5.8 By performing the acts described herein, the Department and IBLA violated expressly mandated duties and acted in the clear absence of jurisdiction, creating a cause of action for a Writ of Prohibition under 28 U.S.C. § 1651 for which they are liable for the relief sought.

### VI. REQUEST FOR RELIEF

Wherefore, plaintiff respectfully requests the following relief:

**6.1** That the Court review the January 23, 2017 and June 23, 2016, determination of the IBLA under the APA (5 USC 701-705) and vacate and all of the interlocutory orders and proceedings it is based upon and that the private mining contest brought by Mills be dismissed with prejudice.

**6.2** That pending such dismissal, or other resolution of this suit a TRO or Preliminary Injunction issue staying Department of Interior Cause No. AAFF 096515 at least until the trial of this matter or until the State of Alaska conducts a survey to establish where any alleged RS 2447 Right of way might be

**6.3** That a declaratory ruling issue declaring that under the facts of this case, the Constitution and Laws, IBLA precedent, and in light of the rulings of the honorable Judge Beistline in Cause No. 10-cv-00033, the Department lacks Statutory or equitable authority to entertain a private mining contest under 43 CFR 540.1 brought by Carey Mills.

**6.4** That a Writ of Prohibition issue prohibiting the Department from unlawfully exercising jurisdiction in mining contests between rival miners claiming an interest in the same mining claim.

Done March 20, 2017, in Olympia, Washington.

KURT KANAM

9 | PLAINTIFF KANAM'S COMPLAINT

Kurt Kanam
2013 Harrison Ave NW # 143
Olympia, Washington, 98502